## STANDISH vs. FLOWERS.

Sec. 178, Chapt. 18, R. S., makes assessment rolls and tax warrants *prima facie* evidence of the facts therein stated, and the presumption arising therefrom is, that the officers proceeded according to law in the assessment of the tax until the contrary appears.

In an action brought against the purchaser, to recover personal property sold at a

tax sale, proof of the regularity of the sale and the production in evidence, of the assessment roll and tax warrants showing a tax against the plaintiff, make out a *prima facie* defense to the action, and the burden of showing irregularities which would invalidate the tax and sale, is thereby devolved on the plaintiff.

APPEAL from the Circuit Court for *Green Lake* County. The case is sufficiently stated in the opinion of the court.

*A. B. Hamilton*, for appellant.

*Truesdell & Root*, for respondent.

*By the Court*, COLE, J. This was an action brought by the respondent to recover a mare which had been levied on and sold by a town treasurer in Green Lake county, for the general taxes of 1860, assessed against said respondent. The appellant purchased the mare at the tax sale. The case was tried before a jury. The respondent proved by his own testimony, that the mare was taken out of his possession without his consent, the value of the property, and that he had made a demand of it before commencing suit. He likewise testified that he was called upon for the tax by the treasurer in January, 1861, and refused to pay it, whereupon the mare was taken. The appellant offered in evidence the assessment roll, in which it appeared that there was a tax upon real and personal property, to the amount of fifteen or twenty dollars, assessed against the respondent for 1860. There was a proper warrant annexed to the assessment roll, and both were admitted in evidence without objection. The town treasurer proved that he seized the mare and sold her to the appellant by virtue of the warrant, and that the sale was regular. Upon this state of facts the court instructed the jury, that in order to constitute a defense to the action, it was necessary for the defendant to show all the proceedings in the assessment of the tax regular; that it was necessary for him to show, in so far as related to the personal property, among other things, that the assessor left with the plaintiff, a blank list as prescribed by the statute. There can be no doubt but this instruction was erroneous, in view of section 178, chap. 18, R. S. That section provides

that all entries and records made in the county treasurer's books, and in the books of the clerk of the board of supervisors, the "*the assessment rolls and warrants thereto attached*," &c., shall be *prima facie* evidence of the facts therein stated, in all judicial proceedings. Therefore, there could be no question, when the warrants and assessment roll were read in evidence without objection, by which it appeared that there was a tax assessed against the respondent, that this, with the other facts proved, made out a good defense to the action. The statute then devolved upon the respondent, the burden of showing some irregularity in the proceedings, of such a character as to invalidate the tax and sale. But on the contrary, the court held that it was incumbent upon the appellant to show that all the proceedings in the assessment of the tax were regular, thus changing the *onus* of proof, in violation of the above provision of law. In the absence of such a provision, the charge would undoubtedly be correct and in conformity to all settled principles. But the legislature having made the assessment roll *prima facie* evidence of the existence of a valid tax, to the amount therein stated, against the respondent, it is clear the charge cannot be sustained. The presumption now is, that the officers proceeded according to law in the assessment of a tax, until the contrary appears, and this is certainly a very wholesome rule of evidence.

For this reason, the judgment of the circuit court must be reversed, and a new trial ordered.